WILLIAM H. PATTISON, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pattison v. Commissioner
Docket No. 12129-79.
United States Tax Court
T.C. Memo 1982-116; 1982 Tax Ct. Memo LEXIS 629; 43 T.C.M. (CCH) 734; T.C.M. (RIA) 82116; March 9, 1982. *629 Held: The Federal income tax return filed for 1975 was intended by petitioner and his then wife to be their joint income tax return; it constitutes their joint income tax return even though it was not signed by the wife. Sec. 6013(a), I.R.C. 1954. William H. Pattison, Jr., pro se. John F. Dean, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined a deficiency in Federal individual income taxes and an addition to tax under section 6651(a) [1] (late filing) against petitioner for 1975 in the amounts of $ 2,043.26 [2] and $ 510.81, respectively. After settlement of other issues, the issue for decision is whether the tax return filed by petitioner for 1975 was a joint tax return. [3] *630 FINDINGS OF FACT Some of the facts have been stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, petitioner resided in Cambridge, Maryland. In 1970 petitioner married Edna D. Bogley (hereinafter sometimes referred to as "Bogley"). Petitioner and Bogley resided together until December 3, 1976, when they separated. Petitioner and Bogley were divorced in September 1979. In 1973, 1974, and 1975, Bogley operated an antique dealership (under the trade name "Cambridgetowne Antiques") as a sole proprietorship. In each of these years this *631 operation reported a loss. During the years of their marriage, before their separation, Bogley generally provided to petitioner, early in the year, her income tax information as to the preceding year. This information included material regarding her employment (when she was an employee), her antique business, her investments, and her income tax deductions. On December 10, 1976, petitioner filed a 1975 Federal income tax return, purporting to be a joint tax return for himself and Bogley. Bogley did not sign this tax return. Bogley signed joint tax returns with petitioner for 1970, 1971, and 1972. Bogley did not file a separate tax return for 1973 or 1974. In early October 1978, one of respondent's agents came to Bogley's home in order to audit her antique dealership business records for 1975. On October 30, 1978, Bogley filed a separate tax return for 1975; on this tax return she showed that she owed no Federal income tax for 1975. In early 1977, Bogley furnished petitioner with the usual sort of income tax information as to 1976. She was willing to sign a joint tax return with petitioner for 1976, if she agreed with the amounts shown on the return. However, she believed that *632 the two of them had more taxable income than petitioner was proposing to show on the 1976 tax return, and so refused to sign this tax return, refused to sign a request for an extension of time to file this tax return, and determined that she would file a separate tax return for 1976. Bogley did not know when the purported joint tax return for 1975 was filed by petitioner. Bogley intended that petitioner file a joint Federal income tax return for the two of them for 1975. OPINION Petitioner maintains that Bogley intended to file a joint Federal income tax return with him for 1975; respondent maintains Bogley did not so intend. We agree with petitioner. Spouses may file a joint return combining their income and deductions. Subsections (a) and (d) (3) of section 6013. [4] *633 Under section 6061 and section 1.6013-1 (a) (2), Income Tax Regs., a joint tax return generally must be signed by both spouses unless one spouse signs as agent of the other. We have held that a tax return may be a joint tax return even though the signature of one spouse is missing, if both spouses intended that the return be a joint tax return. Estate of Campbell v.Commissioner,56 T.C. 1, 12-14 (1971). The following facts point toward a conclusion that Bogley intended to file a joint tax return with petitioner for 1975: Bogley regularly furnished petitioner with information as to her income and deductions. She continued to do so after the last year as to which she testified to having signed a joint income tax return with petitioner. In particular, she furnished such information to petitioner as to 1975. Indeed, in early 1977 she furnished such information to petitioner as to 1976, even though she and petitioner had already separated. In April 1977, four months after *634 petitioner had filed the 1975 tax return, Bogley told petitioner she would not file a joint tax return with him for 1976, but would file a separate tax return for that year. She did not file a separate 1975 tax return until October 30, 1978, several weeks after she realized respondent was auditing the joint 1975 tax return. On the other hand, by the time the disputed tax return was filed, the marriage had deteriorated and the spouses had separated. Bogley apparently had no obligation to file a tax return for 1975 on account of her income and deductions alone. The matter is far from clear. Nevertheless, we are persuaded that petitioner has carried his burden of proving (see Popa v. Commissioner,73 T.C. 130, 135 (1979) (concurring opinion)) that Bogley intended that petitioner file a joint Federal income tax return for the two of them for 1975. We hold for petitioner. In light of the foregoing, and to take account of the matters referred to in note 3, supra,
Decision will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable year in issue. ↩
2. Of this amount, $ 1,114 is in self-employment tax; the remainder is in chapter 1 tax. ↩
3. Petitioner has conceded one of the adjustments in the notice of deficiency and the parties have agreed that the remaining adjustments depend on the resolution of the issue set forth in the text. Neither the notice of deficiency, nor the pleadings, nor the parties' agreement makes clear the nature of the dispute as to the deficiency in self-employment tax or how our resolution of the joint tax return issue is expected to affect the self-employment tax. See, e.g., Rev. Rul. 59-168, 1959-1 C.B. 625, 626. Respondent acknowledges that petitioner is entitled to the general tax credit under section 42, which had not been allowed in the notice of deficiency. Petitioner has not assigned error as to the addition to tax; the amount of the addition depends on our determination as to the deficiency.↩
4. SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE. (a) Joint Returns. -- A husband and wife may make a single return jointly of income taxes under subtitle A, even though one of the spouses has neither gross income nor deductions, except as provided below: (d) Definitions. -- For purposes of this section -- (3) if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several. [The subsequent amendment of this provision by section 1906(a)(1) of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1824, does not affect the instant case.]↩